# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| NORMA EDITH TORRES QUINONEZ and MARTHA ICELA FLORES GAXIOLA, and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CRAWFISH PROCESSING, LLC and CHARLES BERNARD,<br><br>Defendants. | CIVIL ACTION NO. 21-CV-1281<br><br>JUDGE DAVID JOSEPH<br><br>MAGISTRATE JUDGE JOSEPH PEREZ-MONTES |

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT

Plaintiffs Norma Torres Quiñonez, Martha Flores Gaxiola, Karla Ureña Sánchez, Iza Mar Estrella Rodelo Vega, Erendira de Jesus Perez Perez, and Fatima Rocio Ruiz Mancilla and Defendants Crawfish Processing, LLC and Charles Bernard respectfully move this Court for final approval of the collective action settlement in this matter reached by the Parties and memorialized in the Negotiated Settlement Agreement ("Agreement") attached as Exhibit 1. In support of this motion, the Parties state:

1. Plaintiffs Norma Torres Quiñonez and Martha Flores Gaxiola filed this action on May 13, 2021, alleging claims under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"), the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, *et seq.* ("AWPA"), the Louisiana Wage Payment

1

Law, Louisiana Revised Statutes 23:631, *et seq.* ("LWPA"), and the law of contracts, La. Civ. Code art. 1906, *et seq.*

2. Plaintiffs Norma Torres Quiñonez and Martha Flores Gaxiola brought their FLSA claims for alleged unpaid overtime and minimum wages on behalf of themselves and others similarly situated, seeking to proceed as a FLSA collective action pursuant to 29 U.S.C. § 216(b). Doc. 1, ¶¶ 45-61. Their FLSA claims alleged that they were not paid overtime despite regularly working over 40 hours per week, and that Defendants charged them excessive amounts for rental payments, check cashing fees, and work gloves, which charges unlawfully reduced their wages below the FLSA minimum.

3. The Parties eventually negotiated and reached agreement on a proposed FLSA notice to potential opt-in plaintiffs ("Notice") and the accompanying consent to join suit form ("Consent Form"), Doc. 19, which this Court approved on November 4, 2021, Doc. 20. After obtaining contact information from Defendant, Plaintiffs issued Notice to similarly situated workers with a deadline of March 15, 2022 for workers to file their consents to sue and join this case.

4. During the FLSA opt-in process, Plaintiffs Iza Mar Estrella Rodelo Vega, Erendira de Jesus Perez Perez, and Fatima Rocio Ruiz Mancilla opted into the lawsuit for their FLSA claims. Plaintiff Karla Ureña Sánchez had already joined the lawsuit for all claims via notification to counsel for Defendants, prior to any FLSA notification or opt-in process.

5. The Parties extensively negotiated resolution of this case for nearly a year, starting shortly after the case was filed through May 2022. The terms of the Agreement were reached as a compromise and to avoid the expense and burden of litigation. The Agreement was achieved during arms-length negotiations among the Parties, with each side represented by counsel. During the negotiations process, the Parties exchanged documents and information related to Plaintiffs and Opt-In Plaintiffs' claims, including their timesheets and payroll records for the 2020 season, as well as documents showing expenses incurred by Defendants related to housing for which Plaintiffs alleged they were charged unreasonably high rent payments.

6. Because Plaintiffs' claims include alleged violations of the FLSA, the parties seek Court approval of the Agreement with regard to the FLSA claims. The Fifth Circuit has held parties may privately settle an FLSA wage claim provided there is a bona fide dispute as to the hours worked or the compensation due. *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012). Thus, in reviewing a FLSA collective action settlement, the Court "must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable." *Sandras v. Expeditors & Prod. Serv. Co.*, No. CV 16-0239, 2019 WL 658819, at *1 (W.D. La. Feb. 13, 2019), report and recommendation adopted, No. CV 16-0239, 2019 WL 1446481 (W.D. La. Mar. 29, 2019) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–55 (11th Cir. 1982); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008)).

7. As outlined in the Parties' Agreement, the claims alleged in this case involved a "bona fide dispute about, inter alia, the number of hours worked by the Workers and Opt-in Plaintiffs during various workweeks and whether the rent payments charged by the Employers were lawful and reasonable, and the amount, if any, of wages owed to the Workers and Opt-in Plaintiffs under the FLSA." Plaintiffs alleged that Defendants charged their employees for various items, including for rent payments, check cashing, and work gloves, and profited from these unlawful charges. Doc. 1, ¶¶ 38-41, 59. Defendants deny that they earned a profit from these payments and disputed that these charges were deductions from Plaintiffs' wages. *See* Doc. 13, at 9-10. The Parties also disputed the hours worked by Plaintiffs, which would impact the amount of overtime and minimum wages due under the FLSA.

8. "In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members." *Sandras*, 2019 WL 658819, at *1 (W.D. La. Feb. 13, 2019) (citing *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). "As part of the fairness determination, the Court must also assess the reasonableness of any proposed award of attorney's fees and

expenses sought by plaintiff's counsel." *Id.* (citing *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998)).

9. The Agreement is fair, adequate, and reasonable because the Parties agree that the amounts to be paid will constitute the full and complete payment of unpaid wages owed to Plaintiffs under the FLSA for work completed in 2020, plus additional amounts for liquidated damages.

10. There is no evidence of fraud or collusion, and Plaintiffs and Opt-ins were advised and notified regarding the terms of the Agreement and of opting into the lawsuit. Pursuant to the Court-Approved Notice to Opt-in Plaintiffs in FLSA Collective Action, Doc. 20, the Plaintiffs who joined as a result of the collective action process, Plaintiffs Iza Mar Estrella Rodelo Vega, Erendira de Jesus Perez Perez, and Fatima Rocio Ruiz Mancilla, were notified in advance that if they joined, they would receive "all [their] overtime wages owed based on the hours worked as reflected in Crawfish Processing's records, and an additional amount worth 50% of the value of those wages, plus $20 per workweek in rent reimbursement." Doc. 19-1, pg. 1. Opt-in Plaintiffs were also notified that, if they joined, they would "not be able to bring [their] own claims separately against Crawfish Processing for the Fair Labor Standards Act overtime claims from 2020 that are paid through this settlement." *Id.* For Plaintiffs Norma Torres Quiñonez, Martha Flores Gaxiola, and Karla Ureña Sánchez, in addition to resolving their 2020 FLSA claims, the Agreement also resolves their non-FLSA claims under the AWPA, LWPA, and the law of contracts, La. Civ. Code art. 1906, *et seq.*

11. The Parties mutually benefit from the relatively swift resolution of this litigation through the Agreement, without significant costs having been expended. The Parties engaged in limited discovery, exchanging initial disclosures, time clock and payroll information for the 2020 opt-in class, as well as documents demonstrating expenses incurred by Defendants in relation to the housing provided to Plaintiffs and potential opt-ins. By reaching this Agreement, the Parties avoided costs associated with potential experts, numerous depositions (including of Plaintiffs and opt-in plaintiffs, many of whom maintain their permanent residences in Mexico and would have required interpretation, as they had been employed by Defendants on temporary H-2B visas), and dispositive motions briefing. As stated above, numerous of the allegations associated with the FLSA claims were disputed by Defendants.

12. Plaintiffs believe that they had a high likelihood of success, especially for liability on their FLSA overtime claims, but the amount of the damages was still disputed, given the disputes over the rent, check cashing, and work gloves charges, as well as issues concerning the reliability of the hours reported on Defendants' time clock. Pursuant to the Agreement, Defendants will pay a total of $44,046.98, with $21,546.98 paid to the Plaintiffs and $22,500.00 paid to Plaintiffs' counsel for attorney's fees and costs. As described above, the Agreement will compensate Plaintiffs for "all [their] overtime wages owed based on the hours worked as reflected in Crawfish Processing's records, and an additional amount worth 50% of the value of those wages [liquidated damages], plus $20 per workweek in rent reimbursement." Plaintiffs Norma Torres Quiñonez, Martha Flores Gaxiola, and Karla Ureña Sánchez

6

are receiving additional non-wage amounts, but are also releasing other non-FLSA claims alleged in the lawsuit, for which the opt-in Plaintiffs did not join. Given the disputes over the hours worked and the rent and other charges, the FLSA amounts to be paid through the Agreement are fair, adequate, and reasonable.

13. The attorney's fee and costs amount of $22,500.00 is reasonable given that this case was litigated for over a year, including extensive settlement negotiations, review and calculation of FLSA damages owed to over 50 opt-in class members and Plaintiffs, and issuance of specific notice to opt-in members. The attorney's fee amount of $22,500.00 is also significantly discounted and compromised compared to the full attorney's fees incurred and demanded in this case.

14. The Parties have agreed to the allocation of settlement amounts, including for attorney's fees and costs, outlined in the Agreement, counsel believes this to be a fair resolution of disputed claims, and the rights of potential opt-in class members who chose not to join will be unaffected by this Agreement.

15. Pursuant to Paragraph 7 of the Agreement, the parties will file stipulations of dismissal under Fed. R. Civ. P. 41(a)(l)(A)(ii) within 10 days of Plaintiffs' receipt of the settlement proceeds. The parties have prepared a proposed Order approving the Settlement Agreement, attached as Exhibit 2 to this Motion. For the foregoing reasons, the parties jointly move the Court to approve the Negotiated Settlement Agreement.

WHEREFORE, Plaintiffs and Defendants pray that this motion be granted and that the Court approve the Agreement attached hereto as Ex. 1.

Respectfully Submitted:

By: s/ Cliff LaCour
Cliff A. LaCour, T.A.   #30581
(clacour@neunerpate.com)
Benjamin L. Mayeaux #19042
(bmayeaux@neunerpate.com)
B. Lance Person       #35280
(lperson@neunerpate.com)
One Petroleum Center
1001 W. Pinhook Rd., Suite 200
Lafayette, Louisiana 70503
Telephone:   (337) 237-7000
Fax:         (337) 233-9450

**Attorneys for Crawfish Processing, LLC and Charles Bernard**

-and-

SOUTHERN MIGRANT LEGAL SERVICES, A PROJECT OF TEXAS RIOGRANDE LEGAL AID, INC.

By: s/ Caitlin Berberich
Caitlin Berberich, T.A.
(cberberich@trla.org)
*Tennessee Bar* #025780
*Admitted Pro Hac Vice*
311 Plus Park Blvd., Suite 135
Nashville, TN 37217
Telephone:   (615) 538-0725
Fax:         (615) 366-3349

-and-

s/ Mary Yanik
Mary Yanik         #36973
(myanik@tulane.edu)
TULANE IMMIGRATION RIGHTS CLINIC

8

6329 Freret Street, Suite 130
New Orleans, Louisiana 70118
Telephone: (504) 865-5153
Fax: (504) 865-8753

**Attorneys for Plaintiffs**