# EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is made and executed by Norma Torres Quiñonez, Martha Flores Gaxiola, and Karla Ureña Sánchez (collectively, "Workers"), Iza Mar Estrella Rodelo Vega, Erendira de Jesus Perez Perez, and Fatima Rocio Ruiz Mancilla (collectively "Opt-in Plaintiffs"), and Crawfish Processing, LLC and Charles Bernard (collectively, "Employers") (collectively, the "Parties"), as well as each of the Parties' personal representatives, heirs, assigns, officers, employees, agents, insurers, board members and sponsors.

WHEREAS, Norma Torres Quiñonez and Martha Flores Gaxiola asserted claims arising out of their employment by Employers under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq*. ("FLSA"), the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, *et seq*. ("AWPA"), the Louisiana Wage Payment Law, Louisiana Revised Statutes 23:631, *et seq*. ("LWPA"), and the law of contracts, La. Civ. Code art. 1906, *et seq*. against the Employers in the United States District Court for the Western District of Louisiana, *Torres Quiñonez, et al. v. Crawfish Processing, LLC et al.*, Case No. 1:21-cv-01281 (the "Lawsuit"), and were subsequently joined by Karla Ureña Sánchez;

WHEREAS, the Opt-in Plaintiffs each filed a consent to join suit under the FLSA after issuance of Notice to similarly situated workers;

WHEREAS, the Parties reached a mutual agreement to settle claims and resolve differences between them as set forth herein;

WHEREAS, the Workers and Opt-in Plaintiffs desire to compromise, settle, fully release, and discharge any and all claims and allegations that they asserted against Employers in the Lawsuit and to dismiss all claims against Employers in the Lawsuit with prejudice and to give assurances that they will not hereafter commence or prosecute, directly or indirectly, any privately held claim or allegation released in this Agreement;

NOW, THEREFORE, in consideration of the mutual promises, covenants, and agreements set forth below, the adequacy and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **Consideration**. No later than 10 days following the approval by the district court of this proposed Agreement, Employers shall pay to Workers and Opt-in Plaintiffs the total amount of $44,046.98 as set forth in Paragraphs 2, 3, 8, and 9 below. Of this amount, $21,546.98 shall be paid to Workers and Opt-in Plaintiffs in settlement of their respective claims presented in this action, with the remaining $22,500.00 paid to the Workers' counsel as described in Paragraphs 3, 8 and 9, infra.

The $21,546.98 is allocated to the individual Workers and Opt-in Plaintiffs as follows, minus applicable taxes as outlined in Paragraph 8:

1

| | |
|---|---|
| Norma Torres Quiñonez | $4,980.94 |
| Martha Flores Gaxiola | $3,000.00 |
| Karla Ureña Sanchez | $7,283.30 |
| Iza Mar Estrella Rodelo Vega | $1,948.42 |
| Erendira de Jesus Perez Perez | $2,470.45 |
| Fatima Rocio Ruiz Mancilla | $1,863.87 |

2. **Allocation of Settlement Payments Among Wages and Claims**. Of the $21,546.98 to be paid to the Workers and Opt-in Plaintiffs pursuant to Paragraph 1, the Parties agree that the following amounts are being paid in satisfaction of these individuals' claims under the FLSA, and in satisfaction of their claims under the AWPA, LWPA, and the law of contracts in the case of the Workers:

| Worker or Opt-In Plaintiff | FLSA Unpaid Wages | FLSA Liquidated and Other Non-Wage Damages | Total |
|---|---|---|---|
| Norma Torres Quiñonez | $2,490.47 | $2,490.47 | $4,980.94 |
| Martha Flores Gaxiola | $1,000.00 | $2,000.00 | $3,000.00 |
| Karla Ureña Sanchez | $3,641.65 | $3,641.65 | $7,283.30 |
| Iza Mar Estrella Rodelo Vega | $1,085.61 | $862.81 | $1,948.42 |
| Erendira de Jesus Perez Perez | $1,433.64 | $1,036.81 | $2,470.45 |
| Fatima Rocio Ruiz Mancilla | $1,042.58 | $821.29 | $1,863.87 |
| TOTALS | | | $21,546.98 |

The Parties agree that the amounts shown above as "FLSA Unpaid Wages" constitute full and complete payment of all unpaid wages due the Workers and Opt-in Plaintiffs under the FLSA with regard to their employment on Employers' operation in 2020. The Parties have been and are engaged in a good faith and bona fide dispute about, inter alia, the number of hours worked by the Workers and Opt-in Plaintiffs during various workweeks and whether the rent payments charged by the Employers were lawful and reasonable, and the amount, if any, of wages owed to the Workers and Opt-in Plaintiffs under the FLSA. This allocation, which is solely for tax purposes, reflects the Parties' intent.

Pursuant to the Court-Approved Notice to Opt-in Plaintiffs in FLSA Collective Action, Doc. 20, Opt-in Plaintiffs received "all [their] overtime wages owed based on the hours worked as reflected in Crawfish Processing's records, and an additional amount worth 50% of the value of those wages, plus $20 per workweek in rent reimbursement." Doc. 19-1, pg. 1. These non-wage amounts (50% FLSA liquidated damages and $20 per week reimbursement for rent charges) are reflected above as "FLSA Liquidated and other non-wage damages" for the Opt-in Plaintiffs. For the Workers, these non-wage amounts are also in satisfaction of the Workers' other claims in this action, including claims under the AWPA, LWPA, and for breach of contract. After investigation and production of relevant documents, the Parties believe this Agreement represents and constitutes a fair, reasonable, and adequate resolution with respect to

amounts Workers and Opt-in Plaintiffs allege they are due and owing in connection with the Lawsuit.

3. **Costs and Fees**.   A total of $22,500.00 of the settlement proceeds described in Paragraph 1 shall be paid to the Workers' counsel for their out-of-pocket costs and attorney's fees in this action. Except as provided in this Paragraph and in Paragraphs 1, 8 and 9, the Parties shall otherwise bear their own respective costs and attorney's fees.

4. **Housing Pre-Occupancy Inspection and Rules**: Employers agree that for any housing facilities that they arrange or utilize for their employees, including the trailers located adjacent to the crawfish processing plant located at 155 S Preston Street in Marksville, LA, they and their agents, present and future, will request and ensure that a state authority conduct a pre-occupancy housing inspection and certify that the housing meets the OSHA temporary labor camp standards. *See* 29 CFR § 1910.142. Employers agree that they will effectively communicate to their future employees that employees are not required to reside in the housing offered and provided by Employers or any related entity or individual, including the trailers located adjacent to its plant. Employers further agree that no more than four employees will be allowed to reside in each trailer unless specifically requested by all of the employees assigned to the specific trailer and the relevant housing regulations and occupancy restrictions allow for higher occupancy.

5. **Full and Final Release of Claims Against Employers**.  As consideration for the payments set out in Paragraphs 1, 2, 3, and 9, the Workers, for themselves and for their personal representatives, heirs and assigns, fully, completely, irrevocably and unconditionally release and forever discharge Employers as well as all of the Employers' past and present employees, officers, directors, agents, insurers, attorneys, and representatives from the claims asserted in the Lawsuit or which could have been asserted in the Lawsuit, excluding workers' compensation claims, if any. The Opt-in Plaintiffs release only their FLSA claims from their 2020 employment by Employers, including for overtime and improper housing deductions.

6. **Court Approval**. The Parties agree to jointly move within five days of affixing the final signature to this Agreement for the court's approval of settlement of the FLSA claims in this case. The Parties agree to seek to have this Agreement approved as is, without modification of any portion of the Agreement by the Court; and if the Court requires additional documentation, the Parties agree to work together to provide such documentation.  If the Court disapproves any portion of this Agreement, the Parties agree to negotiate in good faith, including participating in mediation, if necessary, to amend this Agreement as necessary to obtain court approval.

7. **Stipulation of Dismissal**.   The Parties shall file a stipulation of dismissal with prejudice of this action in accordance with Fed. R. Civ. P. 41(a)(l)(ii) within ten days of receiving payment pursuant to this Agreement.

8. **Check Apportionment and Tax Withholding**: The Settlement Payments shall be apportioned as follows:

> a. Employers shall withhold federal income taxes only on the amounts listed in the "FLSA Unpaid Wages" column of the table in Paragraph 2. Federal tax

3

withholdings shall be calculated according to the current IRS Publication 15-T with said amount as the annual wage paid over a miscellaneous/daily pay period of 365 days. Employers shall withhold the employee's share of federal payroll taxes on the amounts listed in the "FLSA Unpaid Wages" column of the table in Paragraph 2 of 6.2% for FICA and 1.45% for Medicare. This payment to each Worker or Opt-In Plaintiff shall be reported as wages, and Employers shall file with the with the federal government and provide to the Workers and Opt-In Plaintiffs within 30 days of Employers issuing the Settlement Payments an IRS Form W-2.

b. No tax withholding will be made from the amounts listed in the "FLSA Liquidated and Other Non-Wage Damages" column of the table in Paragraph 2, which shall represent payment to Workers and Opt-In Plaintiffs for liquidated damages under the FLSA, rent reimbursements, and other non-wage damages, and which shall be reported in Box 3 (other income) of IRS Form 1099-MISC, and for which an IRS Form 1099-MISC shall be filed with the federal government and provided to the Workers and Opt-in Plaintiffs within 30 days of Employers issuing the Settlement Payments.

c. Within 30 days of issuing payment pursuant to this Agreement, Defendant shall issue an IRS Form 1099-MISC to Texas RioGrande Legal Aid, Inc. and Mary Yanik reporting the payments of $19,963.60 and $2,536.40, respectively, reporting each such payment, as indicated in Paragraph 9, in box 10, "Gross proceeds paid to an attorney." Defendant shall mail each Form 1099-MISC, respectively, to: Texas RioGrande Legal Aid, 301 S. Texas, Mercedes, Texas 78570 and Mary Yanik, 6329 Freret St., Ste. 130, New Orleans, Louisiana 70118.

9. **Payment of the Settlement Proceeds**. Within 10 days of the district court's approval of this settlement Agreement, Employers shall pay to Texas RioGrande Legal Aid, Mary Yanik, and to Workers and Opt-in Plaintiffs the settlement proceeds described in Paragraphs 1, 2, and 3. This payment shall be made as follows:

a. Employers will issue checks payable to "Texas RioGrande Legal Aid Client Trust Account" for each of the Workers and Opt-in Plaintiffs in the amount stated in Paragraph 2 for the FLSA Unpaid Wages being paid less federal income tax withholding, as described in Paragraph 8. Employers will issue separate checks payable to "Texas RioGrande Legal Aid Client Trust Account" to the Workers and Opt-in Plaintiffs for the FLSA Liquidated and Other Non-Wage Damages stated in Paragraph 2. All checks will be sent to counsel for Workers and Opt-in Plaintiffs who will be responsible for distributing payments to the Workers and Opt-in Plaintiffs.

b. Employers will issue one check payable to "Texas RioGrande Legal Aid" in the amount of $19,963.60 for attorney's fees and costs expended by Southern Migrant Legal Services, A Project of Texas RioGrande Legal Aid, Inc., as provided in Paragraphs 1, 3, and 8.

4

    c.  Employers will issue one check payable to "Mary Yanik" in the amount of $2,536.40 for attorney's fees and costs expended by Mary Yanik as provided in Paragraphs 1, 3, and 8.

10. **No retaliation or discrimination**.  Employers agree that they shall not intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any of the Workers or Opt-in Plaintiffs for their participation in this litigation or for their receipt of payments under this Agreement.

11. **Failure to consummate this settlement agreement**.  If the settlement contemplated hereby is not consummated because of the Employers' default in their payment obligations under Paragraphs 1, 2, 3, 8, or 9, and said default remains uncured for a period of thirty (30) days after written notice to Employers' counsel, then the Workers and Opt-in Plaintiffs, upon motion and with notice to Employers' counsel, shall be entitled to entry of judgment by the U.S. District Court for the Western District of Louisiana against the Employers, jointly and severally, for the total of all sums unpaid.

If the settlement is not consummated because of action by the district court preventing a dismissal with prejudice, then the Parties, the action, and all issues shall thereupon be deemed to have reverted to their respective statuses as of the date the settlement is entered, and the action shall proceed in all material respects as if this settlement and related orders and papers had not been executed, all substantive and procedural issues having been fully preserved for litigation.

12. **Notices**. Any notice or other communication required hereunder, including notices of default as contemplated by Paragraph 11, shall be given in writing and by mail, facsimile transmission, or electronic mail and addressed as set forth below

    a.  In the case of Employers, to:

Cliff A. LaCour
clacour@neunerpate.com
One Petroleum Center
1001 W. Pinhook Rd., Suite 200
Lafayette, Louisiana 70503
Telephone: (337) 237-7000

    b.  In the case of Workers and Opt-in Plaintiffs, to:

Caitlin Berberich
cberberich@trla.org
311 Plus Park Blvd., Suite 135
Nashville, TN 37217
Telephone: (615) 538-0725

and

5

      Mary Yanik
      myanik@tulane.edu
      6329 Freret Street, Suite 130
      New Orleans, Louisiana 70118
      Telephone: (504) 865-5153

Such notices or other communications shall be deemed received on the first business day following the date of transmission by facsimile or electronic mail, or on the third business day following the date of mailing if sent by U.S. mail.

    **13. Taxes**. The Parties agree that, except with respect to tax amounts withheld from payments made to Workers and Opt-in Plaintiffs and which Defendant will forward to the federal government and to any applicable state taxing authority, as required, Workers and Opt-in Plaintiffs are fully and solely responsible for any and all liability for any taxes, interest, or related penalties or assessments they may incur in connection with the settlement encompassed by this Agreement. No party to this agreement is relying on another party to this agreement for tax advice.

    **14. Offer of Compromise**. The Parties agree that this Agreement is made in the interest of anticipating and fully and forever compromising, settling and resolving claims asserted by the Workers in the Lawsuit. Nothing contained in this Agreement shall constitute any acknowledgment or admission of liability by any Party. The Parties agree that this Agreement is tendered with the intent to compromise and settle the claims as described herein between the Parties.

    **15. Venue**. This Agreement shall be governed by the laws of the State of Louisiana and the United States of America and shall bind the Parties thereto and their respective heirs, estates, successors, assigns, attorneys, and representatives, and all other persons or entities in privy with them.

    **16. Severability**. The provisions of this Agreement are severable, and if any part thereof is found to be invalid or unenforceable, the Parties shall use their best efforts to substitute a valid, legal, and enforceable provision that, insofar as practical, implements the purpose of this Agreement.  Any failure to enforce any provision of this Agreement shall not constitute a waiver thereof, or of any other provision.  The other provisions shall remain valid and enforceable notwithstanding.

    **17. Entire Agreement**. This Agreement constitutes the full agreement and entire understanding between the Parties.  It supersedes any and all prior agreements or understandings between the Parties. This Agreement may be modified only by a written agreement signed by an authorized representative of Workers and Opt-in Plaintiffs and a duly authorized representative of Employers.

IN WITNESS WHEREOF, Employers have executed, or have caused to be executed by their duly authorized officers, this Agreement, and Workers and Opt-in Plaintiffs, have hereunto set their hands as of the day and year written below.

_____
Crawfish Processing, LLC

Date: _____

_____
Charles Bernard

Date: _____

The Settlement Agreement and Release of Claims described herein in resolution of *Torres Quiñonez, et al. v. Crawfish Processing, LLC et al.*, Case No. 1:21-cv-01281 (W.D. La) has been explained and translated to me into Spanish and I consent to its terms.

El Acuerdo de Conciliación y Liberación de Reclamaciones descrito en el presente en la resolución de *Torres Quiñonez, et al. v. Crawfish Processing, LLC et al.*, No. de Caso. 1:21-cv-01281 (W.D. La) me ha sido explicado y traducido al español y acepto sus términos.

*Norma Edith Torres Quiñones* (DocuSigned)
Norma Torres Quiñonez

Date: 5/20/2022

_____
Martha Flores Gaxiola

Date: _____

_____
Karla Ureña Sánchez

Date: _____

IN WITNESS WHEREOF, Employers have executed, or have caused to be executed by their duly authorized officers, this Agreement, and Workers and Opt-in Plaintiffs, have hereunto set their hands as of the day and year written below.

_____
Crawfish Processing, LLC

Date: _____

_____
Charles Bernard

Date: _____

The Settlement Agreement and Release of Claims described herein in resolution of *Torres Quiñonez, et al. v. Crawfish Processing, LLC et al.*, Case No. 1:21-cv-01281 (W.D. La) has been explained and translated to me into Spanish and I consent to its terms.

El Acuerdo de Conciliación y Liberación de Reclamaciones descrito en el presente en la resolución de *Torres Quiñonez, et al. v. Crawfish Processing, LLC et al.*, No. de Caso. 1:21-cv-01281 (W.D. La) me ha sido explicado y traducido al español y acepto sus términos.

_____
Norma Torres Quiñonez

Date: _____

*DocuSigned by:*
*Martha Iela Flores Gaxiola*
—402B9701F84045F...
Martha Flores Gaxiola

Date: 5/23/2022

_____
Karla Ureña Sánchez

Date: _____

7

IN WITNESS WHEREOF, Employers have executed, or have caused to be executed by their duly authorized officers, this Agreement, and Workers and Opt-in Plaintiffs, have hereunto set their hands as of the day and year written below.

_____
Crawfish Processing, LLC

Date: _____

_____
Charles Bernard

Date: _____

The Settlement Agreement and Release of Claims described herein in resolution of *Torres Quiñonez, et al. v. Crawfish Processing, LLC et al.*, Case No. 1:21-cv-01281 (W.D. La) has been explained and translated to me into Spanish and I consent to its terms.

El Acuerdo de Conciliación y Liberación de Reclamaciones descrito en el presente en la resolución de *Torres Quiñonez, et al. v. Crawfish Processing, LLC et al.*, No. de Caso. 1:21-cv-01281 (W.D. La) me ha sido explicado y traducido al español y acepto sus términos.

_____
Norma Torres Quiñonez

Date: _____

_____
Martha Flores Gaxiola

Date: _____

DocuSigned by:
_____
5722247E88C84B7...
Karla Ureña Sánchez

Date: 5/19/2022

7

_____
Iza Mar Estrella Rodelo Vega

Date: _____


_____
Erendira de Jesús Pérez Pérez

Date: _____


_____
Fátima Rocio Ruiz Mancilla

Date: 5/20/2022

8

DocuSigned by:

_____
Iza Mar Estrella Rodelo Vega

Date: 5/19/2022
_____


_____
Erendira de Jesús Pérez Pérez

Date: _____


_____
Fátima Rocio Ruiz Mancilla

Date: _____

8

_____
Iza Mar Estrella Rodelo Vega

Date: _____

*Erendira d. J. Perez*
DocuSigned by:
BB7D47E57106432...
_____
Erendira de Jesús Pérez Pérez

Date: 5/20/2022
_____

_____
Fátima Rocio Ruiz Mancilla

Date: _____

8

IN WITNESS WHEREOF, Employers have executed, or have caused to be executed by their duly authorized officers, this Agreement, and Workers and Opt-in Plaintiffs, have hereunto set their hands as of the day and year written below.

_____
Crawfish Processing, LLC

Date: 6-10-2022

_____
Charles Bernard

Date: 6/10/22

The Settlement Agreement and Release of Claims described herein in resolution of *Torres Quiñonez, et al. v. Crawfish Processing, LLC et al.*, Case No. 1:21-cv-01281 (W.D. La) has been explained and translated to me into Spanish and I consent to its terms.

El Acuerdo de Conciliación y Liberación de Reclamaciones descrito en el presente en la resolución de *Torres Quiñonez, et al. v. Crawfish Processing, LLC et al.*, No. de Caso. 1:21-cv-01281 (W.D. La) me ha sido explicado y traducido al español y acepto sus términos.

_____
Norma Torres Quiñonez

Date: _____

_____
Martha Flores Gaxiola

Date: _____

_____
Karla Ureña Sánchez

Date: _____

7