# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| NORMA EDITH TORRES QUINONEZ and MARTHA ICELA FLORES GAXIOLA, and others similarly situated, | CIVIL ACTION NO. 21-CV-1281 |
| Plaintiffs, | JUDGE DAVID JOSEPH |
| vs. | |
| CRAWFISH PROCESSING, LLC and CHARLES BERNARD, | MAGISTRATE JUDGE JOSEPH PEREZ-MONTES |
| Defendants. | |

## ORDER

Before the Court is the parties' Joint Motion for Court Approval of Settlement. Plaintiffs Norma Torres Quiñonez and Martha Flores Gaxiola initially filed this action on May 13, 2021, alleging claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"), the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, *et seq.* ("AWPA"), the Louisiana Wage Payment Law, Louisiana Revised Statutes 23:631, *et seq.* ("LWPA"), and the law of contracts, La. Civ. Code art. 1906, *et seq.* Plaintiffs filed their FLSA claims on behalf of themselves and others similarly situated, seeking to proceed as a FLSA collective action pursuant to 29 U.S.C. § 216(b).

After an agreed FLSA notice and opt-in period, several similarly situated workers opted into this case for their FLSA claims. Opt-in Plaintiffs joined the case pursuant to the terms of the Court-approved FLSA Notice. Docs. 19 and 20. The

parties seek approval of the Settlement Agreement attached as Exhibit 1 to their motion because the agreement resolves FLSA claims.

Parties may privately settle an FLSA wage claim provided there is a bona fide dispute as to the hours worked or the compensation due. *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012). The Court "must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable." *Sandras v. Expeditors & Prod. Serv. Co.*, No. CV 16-0239, 2019 WL 658819, at *1 (W.D. La. Feb. 13, 2019), report and recommendation adopted, No. CV 16-0239, 2019 WL 1446481 (W.D. La. Mar. 29, 2019) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–55 (11th Cir. 1982); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008)).

In this case, the FLSA claims involved a genuine dispute over the amount of wages owed to Plaintiffs due to contested facts regarding the number of hours worked by Plaintiffs during various workweeks and whether certain costs Plaintiffs alleged Defendants charged them for rent payments, check cashing fees, and gloves were lawful and reasonable. During an extended arms-length negotiations process in which both parties were represented by counsel, the parties exchanged relevant documents, including timesheets and payroll records for the 2020 season, as well as documents showing expenses incurred by Defendants related to the alleged housing costs and charges.

The parties have represented, through their counsel, that the Settlement Agreement will result in all Plaintiffs recovering the full amounts of unpaid wages owed to them under the FLSA, plus additional amounts for liquidated damages. According to the terms of the Court-approved FLSA Notice, opt-in Plaintiffs received "all [their] overtime wages owed based on the hours worked as reflected in Crawfish Processing's records, and an additional amount worth 50% of the value of those wages, plus $20 per workweek in rent reimbursement." Doc. 19-1, pg. 1. The Settlement Agreement also includes $22,500.00 to be paid to Plaintiffs' counsel for attorney's fees and costs.

The Court concludes that the Settlement Agreement is fair and reasonable. "In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members." *Sandras*, 2019 WL 658819, at *1 (W.D. La. Feb. 13, 2019) (citing *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). There is no evidence of fraud. The parties were represented by counsel throughout a lengthy and contested negotiations process. The parties were able to reach a relatively swift resolution of potentially complex and costly FLSA collective action claims. The $22,500.00 payment to Plaintiffs' counsel

for their costs and fees is fair, given the collective nature of the case and that it involved in-depth analysis of payroll records and damages calculations for the entire FLSA opt-in class, issuance of FLSA notice to the class, and that the discovery and negotiations process took over a year. The amounts to be paid to Plaintiffs are also fair, in that Plaintiffs will be fully compensated for their FLSA unpaid wages and will receive additional amounts for liquidated damages, while avoiding what could have otherwise been a lengthier and more expensive litigation process. Furthermore, all parties have agreed to the proposed Settlement terms.

Having considered the motion and record before the Court,

IT IS ORDERED that the motion is GRANTED.

Alexandria, Louisiana, this _____ day of _____, 2022.

_____
Hon. Joseph Perez-Montes
United States Magistrate Judge